# Exhibit A

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                              SUPERIOR COURT
(Southern District)

Kanwardev Raja Singh Bal
22 Hathaway Road
Lexington, MA 02420

v.

GTAT Corporation
243 Daniel Webster Highway
Merrimack, NH 03054

&

GT Advanced Technologies, Inc.
243 Daniel Webster Highway
Merrimack, NH 03054

## COMPLAINT

I.      **Parties**

1.      The plaintiff, Kanwardev Raja Singh Bal, is a resident of the Commonwealth of

Massachusetts, residing at 22 Hathaway Road, Lexington, Massachusetts 02420.

2.      The Defendant, GTAT Corporation, is a Delaware Corporation with a principal

place of business located at 243 Daniel Webster Highway, Merrimack, New Hampshire 03054.

GTAT Corporation's registered agent is National Registered Agents, Inc., located at the offices of

Sulloway & Hollis, 9 Capitol Street, Concord, New Hampshire 03301.

3.      The Defendant, GT Advanced Technologies, Inc., is a Delaware Corporation with

a principal place of business located at 243 Daniel Webster Highway, Merrimack, New Hampshire

03054.  GTAT Corporation's registered agent is National Registered Agents, Inc., located at the

offices of Sulloway & Hollis, 9 Capitol Street, Concord, New Hampshire 03301.

1

II.    Jurisdiction & Venue

4.    This Court has jurisdiction over the subject matter of this action pursuant to RSA 491:7.

5.    Venue is proper in the Southern District of Hillsborough County because the defendant's principal place of business is located in Hillsborough County.

III.    Facts

6.    The plaintiff, Kanwardev Raja Singh Bal (hereinafter "Bal") was, from 2014 until October 20, 2017, the Chief Financial Officer ("CFO") of the defendant corporations (hereinafter collectively referred to as "GTAT").

7.    As an officer of GTAT, Bal was a participant in the companies' 2016 "Annual Incentive Program" ("AIP"). Pursuant to this bonus plan, the plaintiff would be eligible to receive a specific bonus based on the companies' Net Ending Cash Balance. The specific bonus eligibility language was simple:

> If the Company achieves the Target Incentive Net Ending Cash Balance, each Participant's Bonus Payment shall equal the Participant's Target Bonus. In the event Company achieves an Incentive Ending Net Cash Balance greater than the Target Incentive Ending Net Cash Balance, each Participant will receive a Bonus Payment equal to such Participant's pro rata portion of the resulting bonus pool. The bonus pool amount will be equal to the sum of the Target Bonuses for all Participants plus 15% of the amount by which the Incentive Ending Net Cash Balance exceeds the Target Incentive Ending Net Cash Balance.

(emphasis added).

8.    GTAT ended 2016 with a Net Ending Cash Balance far in excess of the Target Incentive Ending Net Cash Balance. As a result, Bal was entitled to not only his Participant Target Bonus, but also the pro rata excess payment called for in the AIP. Based on the 2016 Net Ending Cash Balance, Bal earned approximately 250% of his Participant Target Bonus. As set forth in

2

the clear eligibility language of the plan set forth above, GTAT had no discretion to refuse to pay this bonus once it was earned by Bal.

9.      In early 2017, GTAT refused to authorize payment of the total bonus earned by Bal. Rather, it agreed to pay *only* the Participant Target Bonus portion of the amount owed to Bal. While other plan participants were paid out at approximately 200% of their Target Bonuses, GTAT required Bal to sign a "waiver" of his entitlement to the pro rata excess payment to receive his Participant Target Bonus.

10.     Believing that GTAT would soon roll out an Equity Incentive Plan, as called for in a 2014 U.S. Bankruptcy Court Order, Bal reluctantly signed the "waiver" and continued working for GTAT.

11.     However, GTAT continued to delay the implementation of an Equity Incentive Plan, never putting it into effect in 2017, despite a requirement of the Bankruptcy Court Decree, dated March 2, 2016, to adopt such a plan "promptly." Accordingly, Bal sought other employment and resigned from GTAT, effective October 20, 2017.

12.     RSA 275:50, I provides:

**275:50 Waiver Prohibited. –**

I. Except as provided in RSA 275:53, no provision of this subdivision may in any way be contravened or set aside by private agreement.

13.     RSA 275:45, II provides:

**275:45 Unconditional Payment of Wages Conceded to be Due. –**

II. The acceptance by an employee of a payment under this section shall not constitute a release as to the balance of his claim and any release required by an employer as a condition of payment shall be in violation of this subdivision and shall be null and void.

3

14.    Based on the foregoing wage statutes, it is well-settled that any "waiver" signed by an employee that purports to give up a claim to wages the employee earned and is entitled to, is unenforceable and void *ab initio*.

15.    Requiring Bal to sign a "waiver" of his entitlement to a bonus, that he earned and had a vested right to receive, before paying Bal well under one-half of the total amount of bonus wages owed, was an illegal action by GTAT.

16.    GTAT may claim that it rescinded the AIP bonus program in early 2017, but this argument, if made, is unavailing. Any such cancellation of the AIP came <u>after</u> Bal had already crossed over the threshold of entitlement to a bonus pursuant to the terms of the bonus plan. Retroactive cancellations or adjustments to earned and vested compensation are invalid. <u>See</u> <u>Gilman v. County of Cheshire</u>, 126 N.H. 445 (1985).

17.    In short, Bal is entitled the full amount of the bonus, plus pro excess payment, that he earned under the terms of the AIP. Any "waivers" or "cancellations" that GTAT attempted to force upon Bal are null and void – unenforceable as a matter of law. He seeks all remedies available to him under N.H. RSA 275.

## COUNT 1 – WAGE CLAIM – RSA 275

18.    The plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above.

19.    The plaintiff earned a bonus pursuant to the terms of a written bonus plan that GTAT provided to officers of the defendant companies.

20.    GTAT has refused and failed to pay the total amount of that bonus. It required the plaintiff to execute a statutorily invalid "waiver" to receive any portion of the bonus he had earned and had a vested right to receive.

21.     The plaintiff seeks an order requiring the defendant to pay the total amount of the bonus owed to him under the terms of GTAT's 2016 Annual Incentive Program, as calculated based on the companies' Net Ending Cash for 2016.

22.     The plaintiff also seeks liquidated damages pursuant to RSA 275:43, IV, owing the defendants' willful failure to pay the total amount of wages due, and recovery of his attorneys' fees pursuant to RSA 275:53, III. See Ives v. Manchester Subaru, 126 N.H. 796, 801-04 (1985).

WHEREFORE, the plaintiff respectfully requests that the Honorable Court:

A.  Schedule this matter for trial;

B.  At the conclusion of trial, enter judgment for the plaintiff for the amount of unpaid wages owed to him;

C.  Award the plaintiff liquidated damages pursuant to RSA 275:43, IV;

D.  Award the plaintiff his reasonable attorneys' fees pursuant to RSA 275:53, III; and

E.  Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

KANWARDEV RAJA SINGH BAL

By his attorneys,

BACKUS, MEYER
& BRANCH, LLP

Dated: January 24, 2018                    By: _____
                                           Jason R.L. Major (14782)
                                           116 Lowell Street
                                           Manchester, NH 03104
                                           (603) 668-7272
                                           JMajor@backusmeyer.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

January 26, 2018

**JASON R.L. MAJOR, ESQ**
**BACKUS MEYER & BRANCH LLP**
**116 LOWELL ST**
**PO BOX 516**
**MANCHESTER NH  03105-0516**

JAN 3 0 2018

Case Name:     **Kanwardev Raja Singh Bal v GT Advanced Technologies, Inc., et al**
Case Number:   **226-2018-CV-00034**

Enclosed please find Summonses on Complaint.

Marshall A. Buttrick
Clerk of Court

(574)

C:

NHJB-2012-DFPS (07/01/2011)



# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

**Case Name:**     **Kanwardev Raja Singh Bal v GT Advanced Technologies, Inc., et al**
**Case Number:**  **226-2018-CV-00034**

Date Complaint Filed: January 25, 2018

A Complaint has been filed against GT Advanced Technologies, Inc.; GTAT Corporation in this Court.
A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| March 12, 2018 | Kanwardev Raja Singh Bal shall have this Summons and the attached Complaint served upon GT Advanced Technologies, Inc.; GTAT Corporation by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| April 02, 2018 | Kanwardev Raja Singh Bal shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | GT Advanced Technologies, Inc.; GTAT Corporation must file an Appearance and Answer or other responsive pleading form with this Court.   A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to GT Advanced Technologies, Inc.; GTAT Corporation:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
   Jason R.L. Major, ESQ

Backus Meyer & Branch LLP
116 Lowell St
PO Box 516
Manchester NH  03105-0516

BY ORDER OF THE COURT

*Marshall A. Buttrick*

January 26, 2018

Marshall A. Buttrick
Clerk of Court

(574)

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.
SOUTHERN DISTRICT                                          SUPERIOR COURT


-----------------------------

KANWARDEV RAJA SINGH BAL

v.

GTAT CORPORATION

and

GT ADVANCED TECHNOLOGIES, INC.
-----------------------------


ACCEPTANCE OF SERVICE


    I, Timothy P. Van Dyck, Esquire, hereby accepts service of the Complaint on behalf of my clients, GTAT Corporation and GT Advanced Technologies, Inc. and waives all requirements for service of process.


Dated: 2·23·18

                                      Timothy P. Van Dyck, Esquire

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                                          SUPERIOR COURT
(Southern District)

Kanwardev Raja Singh Bal

v.

GTAT Corporation
&
GT Advanced Technologies, Inc.

Docket No. 226-2018-CV-0034

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANTS GTAT CORPORATION AND GT ADVANCED TECHNOLOGIES

The following questions should be answered in accordance with Rule 24 of the Rules of the Superior Court of the State of New Hampshire. GTAT Corporation and GT Advanced Technologies, Inc. (collectively, "GTAT") must serve a response with thirty (30) days after services of these requests to Backus, Meyer & Branch, LLP, 116 Lowell Street, Manchester, New Hampshire 03104. The following definitions and provisions of Rule 24 should be obeyed when responding to these requests:

## DEFINITIONS AND INSTRUCTIONS

1.      "Identify" with respect to a person shall mean to give the name, residential address, business address, business affiliation, present position with such party or other employer, duties and responsibilities of that position and each previous position which that person has held with such party of such other employer.

2.      "Identify" with respect to a paper or document, shall mean to give the type of document, whether letter, memorandum, note or other, the author or originator of the document, the person to whom the document is directed, the date of the document, or if undated, the dates upon which the document was sent and received, a detailed summary of the contents of the

1

document, and if any note, comment or annotation was placed thereon or on any copies thereof, identify as in subparagraph (1) , the author of such note, comment or annotation and give a summary of such note, comment or annotation.

3.    "Describe" with respect to conversations, events, occurrence or transaction, shall mean to give the date, identify, as in subparagraph (1), the persons present, the location, or if by telephone, so state and give the location of each participant, and state the detailed description of such conversation or event, but summarizing what was said by each person who said anything in the order in which the conversation took place, and identifying each such person who participated.

4.    "Communication" means, refers to and includes any written, electronic, audio/video-recorded and/or oral transmission of fact, information or opinion, including any utterance made by any natural person, but whatever method or means made or head, any notation or any statement of any nature whatsoever and including, without limitation, documents and correspondence, as defined herein.

5.    If any interrogatory or part thereof is not responded to you under a claim of privilege, you must identify (a) the basis of the claim of the privilege, for each such communication, state (b) the date of the communication; and (c) the name(s) and address(es) of each person present.

6.    "Document" shall have its customary broad meaning that shall include, without limitation, written materials, whether printed, recorded or reproduced by any other mechanical or electronic process or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground: e-mails, computerized files, electronically stored data, contracts, ledgers, canceled checks, bank statements, deposit slips, invoices, sales records,

2

contracts, purchase orders, sales analyses, payroll records, financial statements, accountants'

notes and work papers, agreements, communications, notes, correspondence, letters, telegrams,

telexes, bulletins, memoranda, notebooks, summaries or records of telephone and/or "text"/SMS

conversations, summaries of records of personal conversations or interviews, diaries, statistical

statements, graphs, manuals, specifications, instructions, charts, plans, drawings, expressions or

statements, lists of persons attending meeting or conferences, reports and/or summaries of

investigations, opinions or reports of consultants, opinions of counsel, records reports or

summaries of negotiations, photographs, brochures, pamphlets, advertisements, circulars, drafts

of any documents, original or preliminary notes, marginal comments appearing on any

document, stenographic or stenotype notes, videotapes and any voice recording whether on tape,

electronic storage media, or otherwise, mockups, models, working models, prototypes and all

other physical manifestations of an identified item.

      7.     The documents requested herein are to be produced as they have been kept in the

usual course of business or organized and labeled to correspond to the numbered paragraphs

and/or categories of particular Requests.  If there are no documents responsive to a particular

numbered paragraph and/or category, you are requested to so state in writing. See Superior Court

Rule 24.

      8.     If any documents requested are withheld by you under a claim of privilege, you

are requested to provide a list of the documents for which the privilege is claimed and, for each

such documents, state (a) the date of the document; (b) a description of the subject matter of the

document; (c) the name(s) and address(es) of each person who prepared, received, reviewed or

has, or has had, possession, custody or control of the document; and (d) a statement of the basis

upon which the privilege is claimed. See Superior Court Rule 24.

9.      If any documents requested have been lost, discarded or destroyed, you are requested to identify each such document as described in the subparagraphs above, to the extent possible and include in your identification: (a) the date of the disposal of the document in question (b) the reason for the disposal of the document in question; (c) the identity of the person authorizing the disposal of the document in question and (d) the identity of the person disposing of the document in question.

10.     "You" or "Your" or "GTAT" shall mean defendants GTAT Corporation and/or GT Advanced Technologies, Inc.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce true and complete copies of all documents evidencing the following information:

   a.  GTAT's Ending Net Cash Balance for FY 2016
   b.  GTAT's Unrestricted Cash Balance as of December 31, 2016
   c.  GTAT's Accrued and Unpaid Dividends and Interest as of December 31, 2016 and
   d.  GTAT's Debt Balance as of December 31, 2016

**RESPONSE:**


2.      Please produce true and complete copies of the meeting minutes of the Compensation Committee of GTAT's Board of Directors for all meetings held between January 1, 2016 and July 1, 2017.

**RESPONSE:**

4

3.      Please produce true and complete copies of all documents related to the purported cancellation of the 2016 Annual Incentive Program by the Compensation Committee of GTAT's Board of Directors in February of 2016, as described in your counsel's October 31, 2017, letter to plaintiff's counsel.

**RESPONSE:**

4.      Please produce true and complete copies of all documents related to any modifications or amendments made to the 2016 Annual Incentive Program by the Compensation Committee of GTAT's Board of Directors

**RESPONSE:**

5.      Please produce true and complete copies of all submissions made by members of GTAT's Management to the Compensation Committee of GTAT's Board of Directors from January 1, 2016 through July 1, 2017.

**RESPONSE:**

6.      Please produce true and complete copies of all documents evidencing calculations of the amounts of Management bonuses including, but not limited to, the plaintiff's bonus, made pursuant to the 2016 Annual Incentive Program and/or any other bonus plan.

**RESPONSE:**

7.     Please produce all communications between members of GTAT's Board of Directors and members of GTAT's Management pertaining to payment of bonuses for FY 2016.

**RESPONSE:**

## SWORN SIGNATURE OF AUTHORIZED REPRESENTATIVE

Dated:_____

                                      _____
                                        For GTAT Corporation
                                        & GT Advanced Technologies, Inc.

                                      _____
                                        Print title of authorized representative

STATE OF NEW HAMPSHIRE
COUNTY OF _____

      This instrument was acknowledged before me on _____, 2018 by _____.

                                          _____
                                        Justice of the Peace/Notary Public
                                        My Commission expires: _____

6

Respectfully submitted,
KANWARDEV RAJA SINGH BAL

By his attorneys
BACKUS, MEYER
& BRANCH, LLP

Dated: February 20, 2018          By:  _____
                                       Jason R.L. Major, Esq. (14782)
                                       116 Lowell Street
                                       Manchester, NH 03104
                                       (603) 668-7272

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed on this 20th day of February, 2018, to counsel for the defendant, Timothy Van Dyck, Bowditch & Dewey, LLP, 200 Crossing Blvd., Suite 300, Framingham, MA 01702.

_____
Jason R.L. Major, Esq.

7