UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| KANWARDEV RAJA SINGH BAL, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-00239-PB |
| GTAT CORPORATION | ) ) ) | |
| and | ) ) | |
| GT ADVANCED TECHNOLOGIES, INC., | ) ) | |
| Defendants | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO REMAND CASE TO STATE COURT**

NOW COMES the plaintiff, Kanwardev Raja Singh Bal, by and through his attorneys, Backus, Meyer & Branch, LLP, and hereby submits his Memorandum of Law in Support of his Motion to Remand this Case to State Court.

**Introduction**

This action was improperly removed to the U.S. District Court for the District of New Hampshire, and should be immediately remanded to the New Hampshire Superior Court. The defendants' attempt to remove this case violates 28 U.S.C. § 1441(b)(2), in that both defendants have their principal places of business in the State of New Hampshire and are therefore resident defendants of the state in which the action was brought. The removal is also untimely pursuant to 28 U.S.C. § 1446(b)(1), which requires a defendant seeking to remove a case to federal court to do so within 30 days of the receipt of the plaintiff's initial pleading. The defendants received a copy

1

of the plaintiff's Complaint no later than February 14, 2018, yet did not remove this action until March 22, 2018, more than 30 days later.

## FACTS

The plaintiff filed this action in the New Hampshire Superior Court, Southern District of Hillsborough County, on or about January 24, 2018.  Defendants' counsel agreed to accept service of process in this matter on January 9, 2018, and a pre-suit copy of the complaint was sent to him on that date. See Emails re Acceptance of Service, Ex. 1.  Hard copies of the Orders of Notice and Complaint were mailed to defense counsel's office on January 30, 2018. See Letter with Complaint and Orders of Notice, Ex. 2.  Counsel for the defendant sent plaintiff's counsel an Email on February 14, 2018, stating that his office had not yet received the hard copies sent on January 30, 2018. See 2/14/18 Email from Timothy Van Dyck, Ex. 3.  Plaintiff's counsel's office immediately Emailed an electronic copy of the January 30, 2018 correspondence, including another copy of the plaintiff's Complaint, to defendants' counsel. See Email of Sean List to Tim Van Dyck and Attachment, Ex. 4.

Defendant removed this action to this Court on March 22, 2018.  Plaintiff's removal pleadings acknowledge that defendants are incorporated in the State of Delaware, but have their principal places of business located in New Hampshire. See Defendants' Notice of Removal, ¶¶ 6, 8.

## ARGUMENT

I. **The Defendants' Removal Violates 28 U.S.C. § 1441(b)(2) Because Both Defendants Are Residents of the State of New Hampshire, Where the Action Was Originally Brought**

28 U.S.C. § 1441(b)(2) provides:

(b)REMOVAL BASED ON DIVERSITY OF CITIZENSHIP.—

2

> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants <u>is a citizen of the State in which such action is brought</u>.

(emphasis added). 28 U.S.C. § 1332(c)(1) provides that a corporation shall be "deemed to be a citizen of … the State where it has its principal place of business. <u>See also</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 92-93 (2010) (holding that a corporation's principal place of business is its "nerve center" where "officers direct, control, and coordinate the corporation's activities.").

This action was filed in the same state that the defendants have their principal place of business – New Hampshire. It follows that the defendants in this case may <u>not</u> remove an action from a New Hampshire State Court to federal court pursuant to the plain language of 28 U.S.C. § 1441(b)(2), which provides that a removal is prohibited where "any of the parties in interest" "is a citizen of the State in which such action is brought." <u>See also</u> <u>Farm Construction Services v. Fudge</u>, 831 F.2d 18, 22 (1st Cir. 1987). The purpose of this rule is to "ensure that a corporation that operates locally cannot remove to federal court – a corporation that operates locally has no reason to fear local prejudice." 15 Moore's Federal Practice, ¶ 102.50.

The Court should remand this matter to the New Hampshire Superior Court for this reason alone.

## II.   The Defendants' Removal Was Untimely, in Violation fo 28 U.S.C. § 1446(b)

In addition to being violative of 28 U.S.C. § 1441(b)(2), the defendants' removal of this action to federal court was also untimely pursuant to 28 U.S.C. § 1446(b)(1), which provides:

> **(b)REQUIREMENTS; GENERALLY.—**
> **(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, <u>through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added).

In this case, the defendants, through their counsel, took "receipt … by service or otherwise, of a copy of the initial pleading setting forth the claim for relief" no later than February 14, 2018. Plaintiff's counsel Emailed a copy of the Superior Court's Orders of Notice and Complaint to defendants' counsel on February 14, 2018, see Ex. 4, after defendants' counsel explained that he had not received the copy mailed to him on January 30, 2018. The defendants did not file their notice of removal until March 22, 2018, some 36 days after taking receipt of the Complaint. The defendants' attempt to remove this matter was therefore beyond the permissible timeframe set forth in 28 U.S.C. § 1446(b)(1) by at least 6 days.

The defendants' tardiness in removing this case provides a secondary compulsory ground for remanding this matter to the New Hampshire Superior Court.

## CONCLUSION

For the reasons set forth above, the plaintiff respectfully requests that the Honorable Court immediately remand this action to the New Hampshire Superior Court, Southern District of Hillsborough County.

Respectfully Submitted,

Kanwardev Raja Singh Bal

By his attorneys,

BACKUS, MEYER
& BRANCH, LLP

Dated: March 27, 2018         By:     /s/ Jason R.L. Major_____
                                      116 Lowell Street
                                      Manchester, NH 03301
                                      (603) 668-7272
                                      JMajor@backusmeyer.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been electronically served upon all counsel of record via ECF this 27th Day of March, 2018.

                                                /s/ Jason R.L. Major